AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 30 2024

MITCHELL R. ELFERS
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| THERESA ATENCIO | ) | Case No. 24-MJ-1587 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 9-10, 2024__ in the county of __Bernalillo__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 371 | Conspiracy to Provide a Prohibited Object to an Inmate of a Prison |

*In violation of 18 U.S.C. § 1791*

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jordan Spaeth, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

_____
Judge's signature

Date: 10/30/2024

City and state: Albuquerque, New Mexico

Steven C. Yarbrough, U.S. Magistrate Judge
Printed name and title

AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND CRIMINAL COMPLAINT

I, Jordan Spaeth, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a special agent with the Federal Bureau of Investigation (FBI) and have been a sworn law enforcement officer for more than 15 years, serving first as a police officer and then as an FBI special agent. I have been with the FBI since 2018 and am currently assigned to the Albuquerque, New Mexico field office, to the Violent Gang Task Force ("VGTF"). As a member of the VGTF my primary responsibility is to investigate criminal enterprises involving violent repeat offenders, gang members, and associates who participate in violations of the Controlled Substances Act, firearms violations, murder, racketeering, and other violations of federal law. Prior to my current assignment, I was assigned to the Violent Crime Task Force and also worked violent felony crimes which were committed on the multiple Indian Reservations/Pueblos surrounding Albuquerque.

2. My investigative training and experience includes, but is not limited to, interviewing subjects, targets, and witnesses; writing affidavits for, and executing search and arrest warrants; collecting evidence; conducting surveillance; and analyzing public records. Over the course of my career, I have arrested hundreds of persons for offenses relating to armed robberies, firearm violations, bank robberies, illegal narcotics, and other criminal conduct. I have also been responsible for serving subpoenas and supervising cooperating sources, as well as analyzing phone records.

3. I make this affidavit in support of the arrest of THERESA ATENCIO (hereinafter "ATENCIO") for a violation of Conspiracy to Provide a Prohibited Object to an Inmate of a Prison, contrary to 18 U.S.C. § 371.

   a. The Cibola County Correctional Center ("CCCC"), located in Cibola County, New Mexico, is a "prison" within the meaning of 18 U.S.C. § 1791(d)(4), because it is a facility in which persons are held in custody by direction of and pursuant to a contract

1

and agreement with the United States Marshals Service, which reports to and is under the control of the Attorney General of the United States.

b. Mobile telephones are "prohibited objects" within the meaning of 18 U.S.C. § 1791(d)(1)(F), which an inmate of a prison may not lawfully obtain, attempt to obtain, and possess.

c. It is unlawful to provide or attempt to provide a mobile phone to an inmate at the CCCC. 18 U.S.C. §§ 1791(a)(1), (b)(4).

4. The statements contained in this affidavit are based upon my investigation, training and experience, and information provided by other law enforcement officers or from other reliable sources. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause to support a criminal complaint against ATENCIO.

## PROBABLE CAUSE

5. In the early morning hours of August 10, 2024, a package was thrown over the fence at CCCC. The package was recovered by CCCC staff and contained 26 grams of heroin, two cell phones and charging cords, lighters, syringes, 62 grams of tobacco, and rolling papers, one sheet of paper soaked in synthetic cannabinoids, 218 strips of suboxone, and 56 grams of THC wax. The package was destined for two inmates, but the inmates did not successfully recover the package. A photograph of the package appears below:

AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND CRIMINAL COMPLAINT



6. Through a review of recorded jail calls, agents learned that following the attempted throwover of the package, ATENCIO had a phone call with the two inmates who the package was destined for. The inmates told ATENCIO that the package had been seized by CCCC. They instructed ATENCIO to shut off a cell phone that was intended for them. ATENCIO told the inmate that the phone could not be shut off because $400 had been put on the phone for four months of activation. The inmate then told ATENCIO to have the cell phone account switched to someone or something else. ATENCIO responded that she could not switch the account. The inmate then told ATENCIO to schedule a visit for the following Thursday.

7. On October 22, 2024, two individuals who threw the package over the fence, along with the two inmates, were indicted by a grand jury for violations of 18 U.S.C. §§ 1791(a)(1), (a)(2), (b)(1), and (b)(4), as well as 18 U.S.C. § 371. *See* 24-cr-1493.

8. On October 29, 2024, I obtained 13 search warrants for residences of individuals the FBI suspects to be involved in smuggling drugs and other contraband inside CCCC. One of the aforementioned search warrants were for ATENCIO's residence, located at 9748 Summer Shower Pl NW, Albuquerque, NM 87120. The search warrants were approved by the Honorable Steven C.

AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND CRIMINAL COMPLAINT

Yarbrough.

9. On October 20, 2024, four FBI SWAT teams, the United States Marshals Service ("USMS") Special Operations Group, USMS Task Force, along with FBI agents and Task Force Officers executed the 13 search warrants. Upon agents executing the search warrant at ATENCIO's residence, she was located inside. Agents located several items inside and seized the following:

   a. White powdery substance, suspected cocaine;

   b. Four firearms; and

   c. A cell phone.

10. ATENCIO agreed to speak with agents, without an attorney, and advised that one of the inmates had asked her to buy him an iPhone cell phone that he could use inside CCCC. ATENCIO advised agents that she knew that cell phones were illegal in jail and specifically, that the inmate was not allowed to have a cell phone inside CCCC. ATENCIO nonetheless went to a Boost Mobile store, purchased a phone, and activated it for the inmate. ATENCIO then gave the phone to someone else and knew that it would somehow be given to the inmate. A few days later, ATENCIO got a call from the inmate saying that he did not receive the cell phone. The inmate asked ATENCIO to switch the service to another device, but she said she could not because she did not know how.

## CONCLUSION

11. Based on the above information, I believe there is probable cause that ATNECIO violated 18 U.S.C. § 371, namely Conspiracy to Provide a Prohibited Object to an Inmate of a Prison. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

12. This affidavit has been reviewed and approved by Assistant United States Attorney David Hirsch.

AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND CRIMINAL COMPLAINT

Respectfully submitted,

Jordan Spaeth
Special Agent
Federal Bureau of Investigation

Sworn and signed before me in my presence.

HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
ALBUQUERQUE, NEW MEXICO

5